UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EVEROY FARQHARSON,<br><br>Petitioner,<br><br>v.<br><br>WARDEN, CENTRAL VALLEY ANNEX DETENTION FACILITY,<br><br>Respondent. | No. 1:26-cv-06259-DAD-CKD (HC)<br><br><u>ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS, DENYING MOTION FOR TEMPORARY RESTRAINING ORDER, AND GRANTING MOTION TO MODIFY</u><br><br>(Doc. Nos. 7, 11) |

On August 6, 2026, petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his detention by United States Immigration and Customs Enforcement ("ICE"). (Doc. No. 1.) On August 18, 2026, petitioner filed a motion for a temporary restraining order seeking his immediate release. (Doc. No. 7.) On August 19, 2026, the court set a briefing schedule and directed respondent to address whether any provision of law or fact in this case would distinguish it from the circumstances addressed in several prior cited cases that this court has decided. (Doc. No. 8.)

On August 20, 2026, respondent filed its opposition to the pending motion for temporary restraining order. (Doc. No. 9.) Respondent argues that petitioner is subject to mandatory detention pursuant to 8 U.S.C. § 1231(a)(2) because he was ordered removed less than 90 days ago and failed to appeal the removal order within the time allotted to do so. (*Id.* at 1–4.)

Respondent further requests the court to dissolve its prior order which prohibited the government from transferring petitioner out of the Eastern District of California or removing him from the United States. (Doc. No. 11.) Respondent has also indicated that it does not oppose this court ruling directly on the merits of the underlying petition based upon the briefing presently before it. (Doc. No. 9 at 1.)

Based upon the parties' briefing, the court finds the following facts. On or about July 23, 2015, petitioner entered the United States as a conditional resident. (Doc. No. 10 at ¶ 5.) On or about July 24, 2017, petitioner's resident status was terminated. (*Id.*) On December 3, 2025, the immigration officials detained petitioner, and he has remained in immigration custody since that date. (*Id.* at ¶ 7.) On July 7, 2026, an immigration judge ("IJ") granted the Department of Homeland Security's motion to pretermit petitioner's application for cancellation of removal. (Doc. No. 9-4 at 3.) That same day, the IJ ordered petitioner removed to Jamaica. (*Id.* at 1.) Respondent represents that it possesses travel documents for petitioner and had him scheduled to be removed on August 27, 2026. (Doc. No. 10 at ¶¶ 11–12.)

An order of removal becomes administratively final thereby triggering the 90-day mandatory detention period when a noncitizen fails to appeal an IJ's removal order within the time allotted to do so. 8 C.F.R. § 1003.38(a) (setting a 30-day deadline to appeal IJ decisions); *Barrientos Vasquez v. Warden*, No. 1:26-cv-03190-DAD-CKD (HC), 2026 WL 1693818, at *2 (E.D. Cal. June 11, 2026) (concluding that the 90-day mandatory detention period began on the day after the deadline to appeal the IJ's removal order expired without an appeal being lodged with the Board of Immigration Appeals).

Here, petitioner has indicated that he appealed the IJ's removal order issued on July 7, 2026. (Doc. No. 1 at ¶ 11.) However, respondent offers the sworn declaration of a deportation officer who states that is not the case. (Doc. No. 10 at ¶ 9.) Further, the court has conducted its own independent research and *sua sponte* takes judicial notice of the fact that the Executive Office for Immigration Review website indicates that no appeal has been received in petitioner's immigration case as of August 31, 2026. *See* EOIR Automated Case Information, https://acis.eoir.justice.gov/en/caseInformation (last visited Aug. 31, 2026) (searching by

petitioner's A-Number and nationality); Fed. R. Evid. 201(b)(2) ("The court may judicially notice a fact that is not subject to reasonable dispute because it[] can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."); *Gahuin Aisalla v. Noem*, No. 1:26-cv-1744-DJC-CSK, 2026 WL 1113793, at *1 (E.D. Cal. Apr. 24, 2026) (taking judicial notice of information on the EOIR's automated case information system), *report and recommendation adopted*, No. 1:26-cv-1744 DJC CSK, 2026 WL 1215602 (E.D. Cal. May 4, 2026). Thus, the court concludes that petitioner's removal order became final when he failed to appeal the IJ's order, which was less than 90 days ago. Accordingly, the court concludes that petitioner is subject to the mandatory detention period pursuant to § 1231(a)(2) and his detention at this time appears to be lawful.

Petitioner also raises several claims alleging his detention has become unlawfully prolonged and that the government failed to comply with 8 C.F.R. §§ 241.4, 241.13, both of which govern detention after the 90-day mandatory period expires. (Doc. No. 1 at 5, 7.) Because petitioner is presently subject to the 90-day mandatory detention period pursuant to § 1231(a)(2), these claims are not yet ripe. *See generally* 8 C.F.R. § 241.4 (detailing custody review procedures for noncitizens detained after the post-removal period expires; *id.* § 241.13(a) ("This section establishes special review procedures for those aliens who are subject to a final order of removal and are detained under the custody review procedures provided at § 241.4 *after* the expiration of the removal period) (emphasis added); *Khotesouvan v. Morones*, 386 F.3d 1298, 1301 (9th Cir. 2004) (explaining that *Zadvydas* does not apply when a noncitizen is subject to § 1231(a)(2)).

For the reasons explained above,

1. Petitioner's petition for writ of habeas corpus (Doc. No. 1) is DENIED without prejudice to renewal if petitioner's post-removal detention becomes prolonged and therefore unlawful;
2. Petitioner's motion for temporary restraining order (Doc. No. 7) is DENIED without prejudice;

/////

/////

3. Respondent's motion to modify (Doc. No. 11) this court's prior order which respondent claims limits its ability to remove petitioner from the United States is GRANTED; and

4. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated: **August 31, 2026**

Dale A. Drozd

DALE A. DROZD
UNITED STATES DISTRICT JUDGE